UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT NORTH CAROLINA

IN RE:

|  |  |  |
|---|---|---|
| Ei LLC, | ) | Case No. 18-50945 |
| DEBTOR | ) | Chapter 7 |

LIMITED OBJECTION AND RESPONSE OF THE BANKRUPTCY ADMINISTRATOR TO TRUSTEE'S MOTION TO APPROVE (I) CLASSES OF PREFERENCE SETTLEMENTS, (II) APPROVE SETTLEMENTS AND (III) LIMIT NOTICE AND SERVICE PROCEDURES
(Doc. 190)

Now Comes the United States Bankruptcy Administrator, by and through Counsel, and by way of Limited Objection and Response to the Trustee's Motion to Approve Classes of Preference Settlements, Approve Settlements and Limit Notice and Service Procedures, alleges and says:

1. This case was commenced September 7, 2018 and converted to a Chapter 7 case on November 1, 2018.  C. Edwin Allman is the duly appointed and serving Chapter 7 Trustee.
2. The Trustee has identified approximately 123 avoidance actions and has made demand for recovery of the transfer.
3. The Trustee proposes that the Court authorize settlement procedures within classes pursuant to Rule 9019(b) as follows:
   a. Gross transfers less than $100,000 – settlements in the trustee's judgment without leave of court or notice;
   b. Gross transfers between $100,000 and $250,000 – settlements in the trustee's judgement, subject to ten days passive notice and an opportunity to object and request a hearing;
   c. Gross transfers greater than $250,000 – compliance with Rule 9019(a).
4. Further, the Trustee will comply with Rule 9019(a) for any proposed settlement which is less than 33% of the transfer, after applying a credit for new value under Section 547(c).
5. Such procedures are authorized under Rule 9019(b).  See 10 Collier on Bankruptcy ¶ 9019.03 (Alan N. Resnick & Henry J. Somner eds. 15th Ed. 2006).
6. The BA, however, objects to the terms of the passive notice procedure above for gross transfers between $100,000 and $250,000.  First, the Notice of Settlement under this paragraph should (A) identify the other party; (B) describe the settlement terms, including timing, releases and effect on claims, if any; and (C) describe the rationale for the settlement.  Second, in addition to filing such notice on the record, the Trustee should serve such notice on parties requesting such

    notice, by email, including the BA at robert_e_price@ncmba.uscourts.gov. Similar procedures have been adopted in other cases. See In re iHeartMedia, Inc. No. 18-31274 (Bankr. S.D. Tex. July 25, 2018).

7. The BA supports the remainder of the relief requested in this Motion. To proceed under Rule 9019(a) with respect to each matter would be burdensome to the estate. The BA notes that the settlements described on Exhibit B average a recovery of 31 percent of the gross transfer, before any credit for new value.

This the 22nd day of April, 2020.

                        U.S. BANKRUPTCY ADMINISTRATOR

                        By: s/Robert E. Price, Jr.
                            Robert E. Price, Jr.
                            Assistant Bankruptcy Administrator
                            State Bar No. 9422

Of Counsel:

Office of the United States Bankruptcy Administrator
101 S. Edgeworth Street
Greensboro, NC 27401

CERTIFICATE OF SERVICE

This is to certify that, on this date, the foregoing document was served upon the following parties or counsel electronically, as follows:

C. Edwin Allman, III   via electronic notice

Nicholas C. Brown     via electronic notice

Matthew Weiner        via electronic notice

Date: April 22, 2020.                    By: s/Shannon Gray